IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| JESSICA ASKEW,<br><br>   Plaintiff,<br><br>v.<br><br>LOLOI, INC. D/B/A LOLOI RUGS, INC.<br><br>   Defendant. | Civil Action No.<br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES

COMES NOW, Jessica Askew ("Plaintiff" or "Ms. Askew"), by and through her undersigned counsel, and files this, her Complaint for Damages, and shows the Court as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action for damages, and reasonable attorney fees against Defendant Loloi Inc. d/b/a Loloi Rugs, Inc. ("Defendant") for violations of her rights under the Civil Rights Act of 1991, 42 U.S.C. § 1981, et. seq. ("Section 1981"), and Title VII of the Civil Rights Act of 1964, as amended ("Title VII").

1

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331, 28 U.S.C. §§ 1343, and 42 U.S.C. § 1981.

3.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391, and 42 U.S.C. §1981, venue is appropriate in this Court.

## ADMINISTRATIVE PROCEDURES

4.

Plaintiff has fulfilled all conditions necessary to proceed with this cause of action under Title VII. Plaintiff filed her Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on September 29, 2022; the EEOC issued its Notice of Right to Sue on February 1, 2023.

5.

Plaintiff timely files this action within ninety (90) days of receipt of the Notice of Right to Sue from the EEOC.

## PARTIES

6.

Plaintiff is a Female citizen of the United States of America and is subject to the jurisdiction of this Court.

7.

At all times relevant, Defendant was qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District. During all times relevant hereto, Defendant has employed fifteen (15) or more employees for the requisite duration under the Title VII. Defendant is therefore covered under Title VII in accordance with 42 U.S.C. § 2000e(b).

8.

Defendant may be served with process by delivering a copy of the summons and complaint to its Registered Agent, Corporate Creations Network Inc., located at 2985 Gordy Parkway, 1st Floor, Marietta, GA, 30066, USA.

## FACTUAL ALLEGATIONS

9.

On or about April 17, 2022, Ms. Askew began working for Defendant. Her last position was Material Handler.

10.

On several occasions throughout her employment, Ms. Askew's supervisor, Jeff Gilbert, stated she was working on a slave ship, that the worksite was a plantation, treated her like an animal by saying "andale, andale" while she was bent over, and refused to allow her to use the restroom.

11.

Ms. Askew reported Mr. Gilbert to her leads and to human resources on or around May 12, 2022, then again in June 2022.

12.

Defendant's HR team said they would look into Ms. Askew's complaint and complete an investigation because Mr. Gilbert also had another incident with another employee.

13.

On or about July 22, 2022, Defendant terminated Ms. Askew stating that it was due to her work ethic and putting a rug on the back of a truck.

14.

Prior to reporting Mr. Gilbert, Ms. Askew had no performance issues.

15.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text.

16.

Catie Hampton and Justin Bull (White) also placed rugs on the back of a truck and were not terminated.

17.

Plaintiff was treated less favorably in the terms or conditions of employment than others outside of her protected class, i.e., Black, protected activity.

## CLAIMS FOR RELIEF

### COUNT I: RACE DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

18.

Plaintiff re-alleges paragraphs 9-17 as if set forth fully herein.

19.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of her race in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq.

20.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and its discrimination against Plaintiff was undertaken in bad faith.

21.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected her status as an employee because of her race.

22.

As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected her economic, psychological, and physical well-being.

23.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful discrimination.

## COUNT II: RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

24.

Plaintiff re-alleges paragraphs 9-17 as if set forth fully herein.

25.

Defendant's actions, as detailed above, in terminating Plaintiff because of her protected activity constitutes unlawful intentional retaliation in violation of Title VII.

26.

Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's retaliation against Plaintiff was untertaken in bad faith.

27.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful retaliation.

### COUNT III: VIOLATION OF 42 U.S.C. § 1981

28.

Plaintiff re-alleges paragraphs 9-17 as if set forth fully herein.

29.

Defendant subjected Plaintiff to discrimination and harassment on the basis of her race (Black).

30.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of race in violation of 42 U.S.C. section 1981.

31.

The effect of the conduct was to deprive Plaintiff of economic opportunites, and otherwise adversely effect Plaintiff's status as an employee, because of her race.

32.

As a direct and proximate result of these actions, Plaintiff has been made a victim of acts that adversely affected her psychological and physical well being.

33.

As a direct and proximate result of Defendant's unlawful employment practices, Plaintiff has been embarrassed, humiliated and has suffered damage to her emotional health, and has lost back pay and front pay.

34.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

35.

Defendant chose not to take appropriate remedial steps to prevent or correct the harassment.

**COUNT IV:  VIOLATION OF 42 U.S.C. § 1981 RETALIATION**

36.

Plaintiff re-alleges paragraphs 9-17 as if set forth fully herein.

37.

Plaintiff engaged in protected conduct when she complained about race-based discrimination.

38.

Defendant subjected Plaintiff to adverse employment actions after Plaintiff engaged in protected conduct.

39.

There was a causal connection between the protected conduct and the adverse action.

40.

As a direct and proximate result of these actions, Plaintiff has suffered damages.

41.

Defendant, therefore, is liable for the damages caused proximately resulting from its retaliation.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment as follows:

(a) General damages for mental and emotional suffering caused by Defendant's misconduct;

(b) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c) Reasonable attorney's fees and expenses of litigation;

(d) Trial by jury as to all issues;

(e) Prejudgment interest at the rate allowed by law;

(f) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(g) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(h) All other relief to which she may be entitled.

Respectfully submitted this 9th day of March 2023.

**BARRETT & FARAHANY**

*/s/ Ianna Richardson*

Ianna O. Richardson
Georgia Bar No. 655153

*Attorney for Plaintiff*

P.O. Box 530092
Atlanta, Georgia 30353
(404) 214-0120
ianna@justiceatwork.com